# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARDEN DISTRICT BOOK SHOP, INC., ET AL.** | **CIVIL ACTION** |
| | **NUMBER: 3:15-CV-738-BAJ-SCR** |
| **VERSUS** | **JUDGE BRIAN A. JACKSON** |
| **JAMES E. STEWART, ET AL.,** | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER TO AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, come James E. Stewart, Sr. (1st Judicial District), Daniel W. Newell (2nd Judicial District), John F. Belton (3rd Judicial District), Jerry L. Jones (4th Judicial District), John M. "Mack" Lancaster (5th Judicial District), James E. Paxton (6th Judicial District), Bradley R. Burget (7th Judicial District), R. Chris Nevils (8th Judicial District), Phillip Terrell, Jr. (9th Judicial District), Van H. Kyzar (10th Judicial District), Don M. Burkett (11th Judicial District), Charles A. Riddle III (12th Judicial District), Trent Brignac (13th Judicial District), John F. DeRosier (14th Judicial District), Keith A. Stutes (15th Judicial District), Martin Bofill Duhe (16th Judicial District), Camille A. Morvant, II (17th Judicial District), Richard J. Ward, Jr. (18th Judicial District), Hillar C. Moore, III (19th Judicial District), Samuel C. D'Quilla (20th Judicial District), Scott M. Perrilloux (21st Judicial District), Warren Montgomery (22nd Judicial District),

1

Ricky Babin (23rd Judicial District), Paul D. Connick, Jr. (24th Judicial District), Charles J. Ballay (25th Judicial District), John "Schuyler" Marvin (26th Judicial District), Earl B. Taylor (27th Judicial District), J. Reed Walters (28th Judicial District), Joel T. Chaisson, II (29th Judicial District), Asa A. Skinner (30th Judicial District), Michael C. Cassidy (31st Judicial District), Joseph L. Waitz, Jr. (32nd Judicial District), H. Todd Nesom (33rd Judicial District), Perry M. Nicosia (34th Judicial District), James P. Lemoine (35th Judicial District), James R. Lestage (36th Judicial District), Brian Frazier (37th Judicial District), Jennifer A. Jones (38th Judicial District), Julie C. Jones (39th Judicial District), Bridget A. Dinvaut (40th Judicial District), Leon A. Cannizzaro, Jr. (41st Judicial District), and Gary Evans (42nd Judicial District), each a Louisiana District Attorney for the Judicial District listed above, sued in their official capacity, (hereinafter the "Defendants"), who deny each and every allegation of the Amended Complaint except as expressly admitted in this Answer, and respond as follows:

### Nature of Action

1.

The allegations set forth in Paragraph 1 of Plaintiffs' Amended Complaint are denied.

2.

The allegations set forth in Paragraph 2 do not require a response; however, to the extent that a response is deemed necessary, the allegations set forth in Paragraph 2 are denied as written, as the law is the best evidence of its content.

3.

The allegations set forth in Paragraph 3 of Plaintiffs' Amended Complaint are denied.

4.

The allegations set forth in Paragraph 4 of Plaintiffs' Amended Complaint are denied.[1]

5.

The allegations set forth in Paragraph 5 of Plaintiffs' Amended Complaint are denied.

6.

The allegations set forth in Paragraph 6 of Plaintiffs' Amended Complaint are denied.

7.

The allegations set forth in Paragraph 7 of Plaintiffs' Amended Complaint are denied.

8.

The allegations set forth in Paragraph 8 of Plaintiffs' Amended Complaint are denied.

9.

The allegations set forth in Paragraph 9 of Plaintiffs' Amended Complaint are denied.

10.

The allegations set forth in Paragraph 10 of Plaintiffs' Amended Complaint are denied.

11.

The allegations set forth in Paragraph 11 of Plaintiffs' Amended Complaint are denied.

12.

The allegations set forth in Paragraph 12 of Plaintiffs' Amended Complaint are denied.

13.

The allegations set forth in Paragraph 13 of Plaintiffs' Amended Complaint are denied.

---

[1] An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

14.

The allegations set forth in Paragraph 14 of Plaintiffs' Amended Complaint are denied.

15.

The allegations set forth in Paragraph 15 do not require a response; however, to the extent that a response is deemed necessary, the allegations set forth in Paragraph 15 are denied as written, as the jurisprudence cited is the best evidence of its content.

16.

The allegations set forth in Paragraph 16 do not require a response; however, to the extent that a response is deemed necessary, the allegations set forth in Paragraph 16 are denied as written, as the jurisprudence cited is the best evidence of its content.

17.

The allegations set forth in paragraph 17 are denied as written; however, it is admitted that H.B. 153 of the 2015 Regular Session, was passed by the Louisiana State Legislature, and H.B. 153 became Act 187 once it was signed by the Governor in 2015.

18.

The allegations set forth in Paragraph 18 of Plaintiffs' Amended Complaint are denied as written. The Defendants acknowledge that a copy of the letter, found in this Court's record at Doc. 19-7, pp. 3-6, was sent to District Attorney Moore and former Attorney General Caldwell. The Defendants also acknowledge that they did not respond to the letter.

19.

The allegations set forth in Paragraph 19 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

4

20.

The allegations set forth in Paragraph 20 of Plaintiffs' Amended Complaint are denied.

21.

The allegations set forth in Paragraph 21 of Plaintiffs' Amended Complaint do not require an Answer as they consist of the relief sought by the Plaintiffs.  However, to the extent a response is deemed necessary, the allegations are denied.

22.

The allegations set forth in Paragraph 22 of Plaintiffs' Amended Complaint are admitted.

23.

The allegations set forth in Paragraph 23 of Plaintiffs' Amended Complaint are admitted.

24.

The allegations set forth in Paragraph 24 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

25.

The allegations set forth in Paragraph 25 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

26.

The allegations set forth in Paragraph 26 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

27.

The allegations set forth in Paragraph 27 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

28.

The allegations set forth in Paragraph 28 of Plaintiffs' Amended Complaint are denied.

29.

The allegations set forth in Paragraph 29 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

30.

The allegations set forth in Paragraph 30 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

31.

The allegations set forth in Paragraph 31 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

32.

The allegations set forth in Paragraph 32 do not require a response; however, to the extent that a response is deemed necessary, the allegations set forth in Paragraph 32 are denied as written, as the law is the best evidence of its content.

33.

The allegations set forth in Paragraph 33 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

34.

The allegations set forth in Paragraph 34 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

35.

The allegations set forth in Paragraph 35 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

36.

The allegations set forth in Paragraph 36 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

37.

The allegations set forth in Paragraph 37 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

38.

The allegations set forth in Paragraph 38 of Plaintiffs' Amended Complaint are denied, as the Attorney General has been dismissed as a Defendant in this case. The Defendants also note that Jeff Landry is the current Attorney General of Louisiana. *See* Doc. 40-1.

39.

The allegations set forth in Paragraph 39 of Plaintiffs' Amended Complaint are admitted with the following exception. Dale Cox is no longer the District Attorney of the 1st Judicial District. The current District Attorney is James E. Stewart, Sr. *See* Doc. 40-1.

40.

The allegations set forth in Paragraph 40 do not require a response; however, the extent that a response is deemed necessary, the allegations set forth in Paragraph 40 are denied as the law is the best evidence of its content.

41.

The allegations set forth in Paragraph 41 of Plaintiffs' Amended Complaint are admitted.

42.

The allegations set forth in Paragraph 42 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

43.

The allegations set forth in Paragraph 43 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

44.

The allegations set forth in Paragraph 44 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

45.

The allegations set forth in Paragraph 45 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

46.

The allegations set forth in Paragraph 46 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

47.

The allegations set forth in Paragraph 47 of Plaintiffs' Amended Complaint are admitted.

48.

The allegations set forth in Paragraph 48 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

49.

The allegations set forth in Paragraph 49 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

50.

The allegations set forth in Paragraph 50 of Plaintiffs' Amended Complaint are denied.

51.

The allegations set forth in Paragraph 51 do not require a response; however, to the extent that a response is deemed necessary, the allegations set forth in Paragraph 51 are denied as written, as the law is the best evidence of its content.

52.

The allegations set forth in Paragraph 52 are admitted.

53.

The allegations set forth in Paragraph 53 are denied.

54.

The allegations set forth in Paragraph 54 are denied.

55.

The allegations set forth in Paragraph 55 are denied for lack of information to justify a belief therein. Further, the jurisprudence cited is the best evidence of its own content.

56.

The allegations set forth in Paragraph 56 are denied for lack of information to justify a belief therein.

9

57.

The allegations set forth in Paragraph 57 are denied for lack of information to justify a belief therein.

58.

The allegations set forth in Paragraph 58 do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 58 are denied as the jurisprudence cited is the best evidence of its content.

59.

The allegations set forth in Paragraph 59 do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 59 are denied as the jurisprudence cited is the best evidence of its content.

60.

The allegations contained in Paragraph 60 are denied.

61.

The allegations set forth in Paragraph 61 of Plaintiffs' Amended Complaint are admitted.

62.

The allegations contained in Paragraph 62 are denied.

63.

The allegations set forth in Paragraph 63 do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 63 are denied as the law is the best evidence of its content.

64.

The allegations contained in Paragraph 64 are denied.

65.

The allegations contained in Paragraph 65 are denied.

66.

The allegations set forth in Paragraph 66 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

67.

The allegations set forth in Paragraph 67 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

68.

The allegations contained in Paragraph 68 are denied.

69.

The allegations contained in Paragraph 69 are denied.

70.

The allegations contained in Paragraph 70 are denied.

71.

The allegations contained in Paragraph 71 are denied.

72.

The allegations set forth in Paragraph 72 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

11

73.

The allegations contained in Paragraph 73 are denied.

74.

The allegations contained in Paragraph 74 are denied.

75.

The allegations contained in Paragraph 75 are denied.

76.

The allegations contained in Paragraph 76 are denied.

77.

The allegations set forth in Paragraph 77 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

78.

The allegations set forth in Paragraph 78 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

79.

The allegations contained in Paragraph 79 are denied.

80.

The allegations contained in Paragraph 80 are denied.

81.

The allegations contained in Paragraph 81 are denied.

82.

The allegations contained in Paragraph 82 are denied.

83.

The allegations contained in Paragraph 83 are denied.

84.

The allegations contained in Paragraph 84 are denied.

85.

The allegations contained in Paragraph 85 are denied.

86.

The allegations contained in Paragraph 86 are denied.

87.

The allegations contained in Paragraph 87 are denied.

88.

The allegations contained in Paragraph 88 are denied.

89.

The allegations contained in Paragraph 89 are denied.

90.

The allegations contained in Paragraph 90 are denied.

91.

The allegations contained in Paragraph 91 are denied.

92.

The allegations contained in Paragraph 92 are denied.

93.

The allegations contained in Paragraph 93 are denied.

94.

The allegations set forth in Paragraph 94 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

95.

The allegations set forth in Paragraph 95 do not require a response.  However, to the extent that a response is deemed necessary, the allegations of Paragraph 95 are denied as the jurisprudence is the best evidence of its content.

96.

The allegations contained in Paragraph 96 are denied.

97.

The allegations set forth in Paragraph 97 of Plaintiffs' Amended Complaint are denied for lack of information to justify a belief therein.

98.

Defendants repeat their Answer to each paragraph as if set forth entirely herein.

99.

The allegations contained in Paragraph 99 are denied.

100.

The allegations contained in Paragraph 100 are denied.

101.

The allegations contained in Paragraph 101 are denied.

102.

Defendants repeat their Answer to each paragraph as if set forth entirely herein.

14

103.

The allegations contained in Paragraph 103 are denied.

104.

Defendants repeat their Answer to each paragraph as if set forth entirely herein.

105.

The allegations contained in Paragraph 105 are denied.

106.

Defendants repeat their Answer to each paragraph as if set forth entirely herein.

107.

The allegations contained in Paragraph 107 are denied.

The prayer of relief does not require a response; however, to the extent that a response is required, the allegations are denied.

**WHEREFORE,** the Defendants pray that the Answer to the Amended Complaint be deemed good and sufficient, and after due proceedings the demands of Plaintiffs be dismissed at Plaintiffs' costs.

Respectfully submitted:

JEFF LANDRY
ATTORNEY GENERAL
By:
    /S/ COLIN CLARK                                        
Angelique Duhon Freel (La. Bar Roll No. 28561)
Colin Clark (La. Bar Roll No. 33775)
Andrea Barient (La. Bar Roll No. 35643)
Jeffrey M. Wale (La. Bar Roll No. 36070)
Assistant Attorneys General
**Louisiana Department of Justice**
1885 North 3rd Street
P. O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone:  (225) 326-6200
Fax:  (225) 326-6297
Email:    freela@ag.state.la.us
              clarkc@ag.state.la.us
              barienta@ag.state.la.us
              walej@ag.state.la.us
Counsel for all Defendants

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 9th day of May 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system which gives notice of filing to all counsel of record.  Counsel of record not registered in the CM/ECF systems were served via other means.  Counsel of record who will receive the filing using the CM/ECF system include:

Micahel A. Bamberger, Richard M. Zuckerman, Esha Bhandari, Lee Rowland, Stephen A. Dixon, Candice C. Sirmon, Andrea Barient, Jeffrey Wale, Colin Clark

Baton Rouge, Louisiana this 9th day of May, 2016.

/s/ ___Colin Clark_____

16