# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

GARDEN DISTRICT BOOK SHOP, INC., ET AL.                                    CIVIL ACTION

VERSUS                                                                                      15-738-BAJ-SCR

JAMES E. STEWART, SR., ET AL.

## AMENDED JOINT STATUS REPORT

**A.      JURISDICTION**

What is the basis for the jurisdiction of the Court?

Jurisdiction arises under the United States Constitution and the laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution and 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

**B.      BRIEF EXPLANATION OF THE CASE**

1. Plaintiff claims:

Plaintiffs, Garden District Book Shop, Inc., Octavia Books, L.L.C., Future Crawfish Paper, L.L.C., American Booksellers Association, and the Comic Book Legal Defense Fund, assert a constitutional challenge to La. R.S. 14:91:14 (Act 187, H.B. 153 of the 2015 Regular Legislative Session). The recently enacted law provides in pertinent part the following:

> A.(1)      Any person or entity in Louisiana that publishes material harmful to minors on the Internet shall, prior to permitting access to the material, require any person attempting to access the material to electronically acknowledge and attest that the person seeking to access the material is eighteen years of age or older.

(2)        The failure to comply with the provisions of Paragraph (1) of this Subsection shall constitute the unlawful distribution of material harmful to minors through the Internet.

(3)        If a person or entity in Louisiana publishes material harmful to minors on the Internet and complies with the provisions of Paragraph (1) of this Subsection, the person or entity shall not be held liable under the provisions of this Section if the person seeking to access the material is under the age of eighteen and falsely acknowledges and attests that he is eighteen years of age or older.

(4)        No Internet service provider, interactive computer service provider as defined by 47 U.S. C. 230(f), or radio or television broadcast licensee of the Federal Communications Commission shall be deemed to be a publisher or distributor of material harmful to minors that is provided by another person.

(5)        This Section shall not apply to any bona fide news or public interest broadcast, website, video, report, or event and shall not be construct to affect the rights of any news-gathering organization.
.    .    .

C.        Whoever violates the provisions of this Section shall be fined up to ten thousand dollars.

Alleging the Act violates the First, Fifth and Fourteenth Amendments to the U.S. Constitution, as well as the Commerce Clause, the Plaintiffs seek injunctive and declaratory relief, as well as an award of costs and fees. Doc. 5.

The Amended Complaint named as defendants the Attorney General of the State of Louisiana, in his official capacity, and all of the District Attorneys of the State of Louisiana, each in his or her official capacity. On December 23, 2015, Plaintiffs and Defendant Attorney General filed a Joint Stipulation Regarding Dismissal of Attorney General (Doc. 30), requesting that the Court dismiss the Attorney General pursuant to the terms thereof, including that the Attorney General shall be bound by any judgment, order, or injunction issued in this action with respect to the enforcement of  La. Stat. Ann. § 14:91.14.    On January 5, 2016, this Court entered an Order (Doc. 33), pursuant to

Fed.R.Civ.P. 41(a)(1) and such Joint Stipulation, dismissing the Attorney General as a defendant, without prejudice (the "January 5, 2016 Order Binding the Attorney General").

On December 7, 2015, the Plaintiffs filed a Motion for Preliminary Injunction. Doc. 19. The motion was granted in a Ruling and Order entered April 29, 2016 which found, among other things, that "Plaintiffs have convincingly demonstrated that they are likely to prevail" on their claim that La. Stat. Ann. § 14:91.14 is unconstitutional. Doc. 48.

The Defendants filed an answer. Doc. 49.


2. Defendant claims:

The Defendants opposed the Motion for Preliminary Injunction on December 15, 2015. Doc. 25. In their Opposition, the Defendants argued that injunctive relief was improper because the Plaintiffs were unlikely to succeed on their constitutional claims. A hearing was held on the Motion for Preliminary Injunction on December 18, 2015. Defendants additionally filed a Motion to Dismiss pursuant to Rule 12(b)(6) on January 25, 2016. Doc. 43. In its Ruling and Order entered April 29, 2016 which granted Plaintiffs' Motion for a Preliminary Injunction, the Court denied the Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6). Document 48.

After considering the matter further, the Defendants are no longer going to oppose the Plaintiffs' efforts to have the statute declared unconstitutional.


C.    PENDING MOTIONS

List any pending motion(s), the date filed, and the basis of the motion(s):

There are no motions pending before the Court at this time.

**D. ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

Because the Defendants are not going to oppose the Plaintiffs' efforts to have the statute declared unconstitutional anymore, there are no more issues involved in that regard.

With respect to fees and costs, the parties are currently engaged in settlement negotiations, as contemplated by Fed. R. Evid. 408 and Local Civil Rule 16(c), with the aim of resolving this case.

**E. DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages:

2. Defendant's calculation of offset and/or plaintiff's damages:

3. Counterclaimant/cross claimant/third party's calculation of damages:

No party has requested damages.

**F. SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

There are no unresolved issues as to waiver or service of process, personal jurisdiction, or venue.

**G.    DISCOVERY**

1.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES [ X ] NO

A.    Do any parties object to initial disclosures?

[ X ] YES [ ] NO

For any party who answered *yes*, please explain your reasons for objecting.

*See* answer to B(2) and D. Ongoing settlement negotiations render any initial disclosures irrelevant at this time.

B.    Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures.

No such stipulations have been entered at this time.

2.    Briefly describe any discovery that has been completed or is in progress: Discovery has not yet commenced in this case.

3.    Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

There are no protective orders or other limitations on discovery at this time.

4.    Discovery from experts:

Because the Defendants are not going to oppose the Plaintiffs' efforts to have the

statute declared unconstitutional anymore, there are no issues requiring expert

testimony.

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s):

By defendant(s):

## H. PROPOSED SCHEDULING ORDER

1. Exchanging initial disclosures required by FRCP 26(a)(1):
   (Unless the parties make disclosures within the time required by Local Rule 26(b), the parties may propose an alternative deadline for making such disclosures.)

   The parties suggest that the deadline for such disclosures to be set on January 2, 2017, although a deadline is probably not necessary.

2. Recommended deadlines for amending the complaint, or adding new parties,

   claims, counterclaims or cross claims:

   The parties suggest that the deadline for such disclosures to be set on January 2, 2017, although a deadline is probably not necessary.

3. Filing all discovery motions and completing all discovery except experts:

   The parties suggest that the deadline for such disclosures to be set on March 1, 2017, although a deadline is probably not necessary.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may

   suggest different dates for disclosure of experts in different subject matters):

   The parties suggest that the deadline for such disclosures to be set on March 1, 2017, although a deadline is probably not necessary.
   Plaintiff(s): _____.

   Defendant(s): _____.

5. Exchange of expert reports:

The parties suggest that the deadline for such disclosures to be set on May 1, 2017, although a deadline is probably not necessary.

Plaintiff(s): _____.

Defendant(s): _____.

6. Completion of discovery from experts:

The parties suggest that the deadline for such disclosures to be set on July 1, 2017, although a deadline is probably not necessary.

7. Filing dispositive motions and *Daubert* motions:

The parties suggest that the deadline for such disclosures to be set on August 1, 2017, although a deadline is probably not necessary.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined by the magistrate judge based on the presiding judge's schedule, within the following general parameters[1]:

The general parameters, below, are agreeable, although these deadlines are probably not necessary.

a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

c.     Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

d.     Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

e.     Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

f.     Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

g.     Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.     If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I.     TRIAL

1.     Has a demand for trial by jury been made?

[ ] YES [ X ] NO

2.     Estimate the number of days that trial will require.

Because the Defendants are not going to oppose the Plaintiffs' efforts to have the statute declared unconstitutional anymore, the parties do not expect that a trial will be necessary. The parties suggest that if it is necessary to set an estimated number of days, that three days be set.

## J.     OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES [ X ] NO

1. If the answer is *yes*, please explain:

2. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED PROPOSED DEADLINES.**

[ X ] YES [  ] NO

## K. SETTLEMENT

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

As stated above, Defendants are no longer going to oppose the Plaintiffs' efforts to have the statute declared unconstitutional. The parties are negotiating the terms of a joint stipulation and proposed Order of Final Decree, which the parties expect to be able to file shortly.

Relative to attorneys' fees and costs, the Plaintiffs have submitted a lodestar report and line-item billing explaining the amount requested in attorneys' fees. The Defendants have asked them to reconsider that amount and have provided some information in support of that request.

2. Do the parties wish to have a settlement conference:

[  ] YES [ X ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

## L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[  ] YES [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: August 1, 2016

RESPECTFULLY SUBMITTED this 2nd day of August, 2016.

JEFF LANDRY
ATTORNEY GENERAL
 By: ___*/s/ Andrea Barient*_____
Angelique Duhon Freel (La. Bar Roll No. 28561)
Colin Clark (La. Bar Roll No. 33775)
Andrea Barient (La. Bar Roll No. 35643)
Jeffrey M. Wale (La. Bar Roll No. 36070)
Assistant Attorneys General
**Louisiana Department of Justice**
1885 North 3rd Street
P. O. Box 94005
Baton Rouge, Louisiana 70804-9005
Telephone:  (225) 326-6200
Fax:  (225) 326-6297
Email:  freela@ag.state.la.us
        clarkc@ag.state.la.us
        barienta@ag.state.la.us
        walej@ag.state.la.us

*Counsel for Defendants*

Michael A. Bamberger
(admitted *pro hac vice*)
Richard M. Zuckerman
(admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 768-6700
Fax: (212) 768-6800
Michael.Bamberger@dentons.com
Richard.Zuckerman@dentons.com


Stephen A. Dixon  La. No. 18185
ACLU Foundation of Louisiana Cooperating
Attorney
1330 Highland Park Dr.
Baton Rouge, LA 70808
(225) 588-5407
Fax: (504) 613-6511
southla@laaclu.org


*Attorneys for Plaintiffs*

*/s/ Esha Bhandari*
Esha Bhandari
(admitted *pro hac vice*)
Lee Rowland
(admitted *pro hac vice*)
American Civil Liberties Union
Foundation
125 Broad St, 18th Floor
New York, NY 10004
(212) 549-2500
Fax: (212) 549-2654
ebhandari@aclu.org
lrowland@aclu.org


*/s/ Candice C. Sirmon*
Candice C. Sirmon, T.A., La. No. 30728
ACLU Foundation of Louisiana
P.O. Box 56157
New Orleans, LA 70156
(504) 522-0628
Fax: (504) 613-6511
csirmon@laaclu.org