UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GARDEN DISTRICT BOOK SHOP,        CIVIL ACTION
INC., ET AL.

VERSUS

JAMES D. CALDWELL, ET AL.         NO.:15-00738-BAJ-SCR

ORDER OF FINAL DECREE AND FINAL JUDGMENT

Before the Court is a **Joint Motion to Enter Final Decree and Final Judgment (Doc. 60).**

Plaintiffs filed this lawsuit on November 4, 2015, to challenge the constitutionality of Louisiana's H.B. 153, Act 187 of the Laws of 2015, codified at La. Stat. Ann. § 14:91.14 ("La. Stat. Ann. § 14:91.14"). The Amended Complaint (Doc. 5), filed November 6, 2015, named as defendants the Attorney General of the State of Louisiana, in his official capacity (the "Attorney General") and all of the District Attorneys of the State of Louisiana, each in his or her official capacity (the "District Attorneys"). Plaintiffs allege that La. Stat. Ann. § 14:91.14 violates the U.S. Constitution's First Amendment, Due Process Clause, Equal Protection Clause, and Commerce Clause.

Plaintiffs filed a Motion for Preliminary Injunction against enforcement of La. Stat. Ann. § 14:91.14 on December 7, 2015. (Doc. 19).

On December 23, 2015, Plaintiffs and Defendant Attorney General filed a Joint Stipulation Regarding Dismissal of Attorney General (Doc. 30) (the "December 23, 2015 Joint Stipulation"), requesting that the Court dismiss the Defendant Attorney General pursuant to the terms thereof, including that the Defendant Attorney General shall be bound by any judgment, order, or injunction issued in this action with respect to the enforcement of La. Stat. Ann. § 14:91.14. On January 5, 2016, this Court entered an Order (Doc. 33), pursuant to Fed. R. Civ. P. 41(a)(1) and the Joint Stipulation, dismissing the Attorney General as a defendant, without prejudice (the "January 5, 2016 Order Binding the Attorney General").

Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 43) on January 25, 2016.

On April 29, 2016, this Court issued a Ruling and Order (Doc. 48) (the "April 29, 2016 Ruling and Order"), granting Plaintiffs' Motion for Preliminary Injunction and denying Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), and enjoining Defendants from enforcing La. Stat. Ann. § 14:91.14 until further order of this Court.

On August 1, 2016, the parties filed an Amended Joint Status Report (Doc. 54), in which the Defendants advised the Court that, "After considering the matter further, the Defendants are no longer going to oppose the Plaintiffs' efforts to have the statute declared unconstitutional."

Thereafter, the parties filed a Joint Motion to Enter Final Decree and Final Judgment (Doc. 60).

The Court finds that entry of this Final Decree and Final Judgment is in the interests of justice and will further the objectives of judicial economy.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED:**

1. **Jurisdiction.** This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331, 1343(3).

2. **Resolution.** This Final Decree resolves all issues and claims set forth in Plaintiffs' Amended Complaint (Doc. 5) and Motion for Preliminary Injunction (Doc. 19), except as set forth herein with respect to Fees and Costs.

3. **Terms.** For the reasons set forth in the April 29, 2016 Ruling and Order (Doc. 48), and pursuant to the January 25, 2016 Order Binding the Attorney General (Doc. 33) and the Joint Motion to Enter Final Decree (Doc. 60), the District Attorneys, their successors, officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them and the Attorney General and his successors, officers, agents, servants, employees, and attorneys and those persons in active concert or participation with him, are permanently enjoined from enforcing, or threatening to enforce Act 187 of the Laws of 2015, codified at La. Stat. Ann. § 14:91.14.

4. **Prevailing Parties; Attorneys' Fees and Costs.** Plaintiffs are the prevailing parties, pursuant to 42 U.S.C. § 1988. Plaintiffs have advised Defendants that Plaintiffs intend to make application for an award of attorneys' fees and costs, have provided Defendants with documentation of fees and costs, and have further

advised Defendants that additional fees and costs have been and may be incurred.

Rule 54(d)(2)(B) establishes a fourteen-day deadline to file an application for attorneys' fees and costs after the entry of a final judgment. Defendants have requested, and Plaintiffs have agreed, that the deadline for filing such fee application be extended to August 15, 2017, to provide the Legislature of the State of Louisiana an opportunity to make appropriation for an award of fees and costs, and to provide the parties time to make appropriate submissions to the Court after the conclusion of the legislative session.

Based on the unique circumstances present in this case, and the lack of opposition from Plaintiffs, the Court finds it appropriate to set August 15, 2017, as the deadline for filing an application for attorneys' fees and costs.

Accordingly, (a) Defendants shall negotiate, in good faith, with Plaintiffs as to the amount of attorneys' fees and costs to be awarded to Plaintiffs; (b) Defendants shall seek an appropriation by the Legislature of an amount sufficient to cover an award of Plaintiffs' reasonable attorneys' fees and costs (whether such amount is agreed upon by the parties or determined by the Court), and shall keep Plaintiffs apprised of the status of such efforts; and (c) Plaintiffs' counsel may make application for reasonable attorneys' fees and costs by August 15, 2017, pursuant to Fed. R. Civ. P. 54(d)(2) and Local Civil Rule 54. Nothing in this Order shall preclude the Court from awarding attorneys' fees and costs in an amount that the Court determines to be reasonable, whether or not a legislative appropriation is sufficient. Nothing in this Order shall preclude Plaintiffs from making an application for reasonable

attorneys' fees and costs at any time prior to August 15, 2017.

5.  **Release**. Except for the obligations expressly set forth in this Final Decree and Final Judgment, and except for such reasonable attorneys' fees and costs as are determined by the Court pursuant to 42 U.S.C. § 1988, Defendants, their successors, officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendants, are released from any and all civil liability to Plaintiffs for the claims alleged in the Amended Complaint filed in this matter.

6.  **Final Judgment**. This Final Decree and Final Judgment constitutes a final judgment of the action captioned above. There is no just reason for delay, and this Final Decree and Final Judgment is a final judgment pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58.

Baton Rouge, Louisiana, this 7th day of October, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA